UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

SHIRLEY GRAHAM-JOHNSON, JEROME JOHNSON,
LENORA GRAHAM, and SHIRLEY GRAHAM-
JOHNSON as legal guardian of K.G.J., R.D., A.J., M.J.,          1:19-cv-01274 (BKS/CFH)
Ra.J.F., and R.J.F.,

                                 Plaintiffs,

v.

THE CITY OF ALBANY, RICHARD LAJOY, in his
individual capacity, DANIEL SHERMAN, in his
individual capacity, VALERIE SCOTT, in her individual
capacity, and M. CRISTO, INC.,

                                 Defendants.

_____

THE CITY OF ALBANY, RICHARD LAJOY, in his
individual capacity, DANIEL SHERMAN, in his
individual capacity, VALERIE SCOTT, in her
individual capacity,

                                 Third-Party Plaintiffs,

v.

R. RUSSEL REEVES, JOSEPH SARLO, and
LOURDES SARLO,

                                 Third-Party Defendants.

_____

**Appearances:**

*For Defendant R. Russel Reeves:*
David H. Walsh
Kenney Shelton Liptak Nowak LLP
4615 North Street
Jamesville, NY 13078

*For Defendants City of Albany, Richard LaJoy,*
*Daniel Sherman, and Valerie Scott:*
Marisa Franchini
Corporation Counsel, City of Albany
Robert G. Magee
Deputy Corporation Counsel
City Hall
24 Eagle Street, Room 106
Albany, NY 12207

*For Defendant M. Cristo, Inc.:*
Bryan T. Schwartz
Christopher L. Parisi
Gallo Vitucci Klar, LLP
90 Broad Street, 12th Floor
New York, NY 10004

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.  INTRODUCTION

Plaintiffs Shirley Graham-Johnson, Jerome Johnson, Lenora Graham, and Shirley Graham-Johnson as legal guardian of minors K.G.J., R.D., A.J., M.J., Ra.J.F., and R.J.F., filed this action under 42 U.S.C. § 1983 following the City of Albany's demolition of their residence—a house located at 170 Orange Street in Albany, New York ("170 Orange Street") on October 20, 2018. (Dkt. No. 1). The Complaint names as Defendants the following parties: the City of Albany (the "City"); Richard LaJoy, the City's Director of the Department of Buildings and Regulatory Compliance ("Buildings Department"); Daniel Sherman, a Senior Building Inspector for the City; and Valerie Scott, the Buildings Department Supervisor (collectively, the "City Defendants"). (*Id.*). The Complaint also named R. Russell Reeves, an engineer the City engaged to evaluate Plaintiffs' property, and M. Cristo, Inc. ("M. Cristo"), the company that performed the demolition as Defendants. (*Id.*). The City Defendants filed a Third-Party Complaint against Reeves for, inter alia, common-law and contractual indemnification and

contribution, (Dkt. No. 46), and M. Cristo filed indemnification and contribution cross-claims against Reeves, (Dkt. No. 42).

Presently before the Court are the second round of dismissal motions in this case: (1) third-party Defendant Reeves' motion under (a) Federal Rule of Civil Procedure 12(b)(6) to dismiss the indemnification, contribution and contractual indemnification claims by third-party Plaintiff City of Albany, or, in the alternative (b) Rule 21 to sever the claims against him until there has been a finding of liability against the City in the underlying action, (Dkt. No. 58); and (2) cross-Defendant R. Russel Reeves' motion under Rule 13(g) to dismiss cross-claimant M. Cristo's crossclaims, (Dkt. No. 66). The City Defendants and M. Cristo oppose Reeves' motions, and M. Cristo cross-moves for leave to file a third-party action under Rule 14(a)(1). (Dkt. Nos. 60, 68, 69-1). Reeves has filed replies but "takes no position" regarding M. Cristo, Inc.'s cross-motion. (Dkt. Nos. 65, 70). For the reasons that follow, Reeves' Rule 12(b)(6) motion to dismiss is granted in part and denied in part, Reeves' Rule 21 motion to sever is denied, Reeves' motion to dismiss M. Cristo's cross-claims is granted, and M. Cristo's cross-motion to file a Second Third-Party Action Complaint is granted.

## II.    PROCEDURAL HISTORY

Plaintiffs initially asserted five causes of action in the Complaint: (1) deprivation of property without due process of law, in violation of the Fourteenth Amendment, under 42 U.S.C. § 1983 (First Cause of Action); (2) the taking of property for public use, without just compensation, in violation of the Fifth Amendment, under 42 U.S.C. § 1983 (Second Cause of Action); and (3) tortious conduct in violation of New York common law (Third, Fifth, and Sixth[1] Causes of Action). (Dkt. No. 1). In its answer, Defendant M. Cristo alleged a cross-claim for

---

[1] There is no "Fourth Cause of Action" in the Complaint.

3

common law indemnification and contribution against the City Defendants and Reeves. (Dkt. No. 10, ¶¶ 63–66). During the first round of dismissal motions, the Court, as relevant here, dismissed Plaintiff's Fourteenth Amendment procedural due process claims, allowed the Fifth Amendment takings claim and state law negligence claims to proceed, and dismissed Reeves as a Defendant in this matter because the only claims alleged against him were under § 1983 and the Complaint failed to allege he was a state actor. *Graham-Johnson v. City of Albany*, 471 F. Supp. 3d 506, 516–20, 523 (N.D.N.Y. 2020). Noting that no opposition had been filed, the Court also granted M. Cristo's motion to file an amended answer with cross-claims. *Id.* at 523.

On July 14, 2020, M. Cristo filed a Second Amended Answer with a crossclaim against the City Defendants and Reeves for contribution and indemnification. (Dkt. No. 42, ¶¶ 62–86). On July 21, 2020, the City Defendants filed a Third-Party Complaint against Reeves and others alleging common law and contractual indemnification, contribution, breach of contract, and professional malpractice. (Dkt. No. 46, ¶¶ 46–61).

### III.   FACTS

The Court assumes familiarity with the facts set forth at length in *Graham-Johnson*, 471 F. Supp. 3d at 511–13. The Court sets forth additional facts below as necessary to the analysis.

### IV.   CITY DEFENDANTS' THIRD-PARTY COMPLAINT

#### A.   Motion to Dismiss

##### 1.   Legal Standard

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S.

at 555). The court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### 2. Analysis

Reeves moves to dismiss the City Defendants' indemnification and contribution claims on the ground that the Third-Party Complaint "merely allege[s] boilerplate claims of common law contribution and indemnification without specifically alleging facts to support these claims." (Dkt. No. 58-2, at 4). The City Defendants respond that, when read together with the allegations in the Complaint, their Third-Party Complaint sufficiently alleges indemnification and contribution claims.[2] (Dkt. No. 60-8, at 7).

### a. Common-Law Indemnification

Under New York law, the right to indemnification operates to shift liability from one party to another and arises from either an express or implied contract. *McDermott v. New York*, 50 N.Y.2d 211, 216 (1980). Absent an express contract, the general rule is that where "payment by one person is compelled, which another should have made or which redounds solely to the benefit of another, a contract to reimburse or indemnify is implied by law." *Brown v.*

---

[2] The City Defendants argue in their response that they have also alleged plausible breach of contract and professional malpractice claims in the Third-Party Complaint. (Dkt. No. 60-8, at 8–11). Reeves has not sought dismissal of those claims. (*See generally* Dkt. Nos. 58-2; 65-1). And as the Third-Party Complaint adequately alleges indemnification and contribution claims, the City Defendants may pursue their independent claims against Reeves. *See Magnacoustics, Inc. v. Integrated Comput. Sols., Inc.*, No. 17-cv-4967, 2020 WL 4041310, at *8, 2020 U.S. Dist. LEXIS 126414, at *22 (E.D.N.Y. July 17, 2020) ("While a third-party complaint cannot only bring independent claims against a non-party, once a third-party plaintiff has successfully alleged a claim to support impleader under Rule 14, it may then join 'as many [independent or alternative] claims as it has against' the impleaded party." (quoting *Allen v. Devine*, No. 90-cv-0668, 2012 WL 832298, at *5, 2012 U.S. Dist. LEXIS 32955, at *16 (E.D.N.Y. Mar. 12, 2012))). The Court does not otherwise address the plausibility of these claims.

*Rosenbaum*, 287 N.Y. 510, 518–19 (1942). Implied (common law) indemnification "is a restitution concept which permits shifting the loss because to fail to do so would result in the unjust enrichment of one party at the expense of the other." *McCarthy v. Turner Constr., Inc.*, 17 N.Y.3d 369, 375 (2011) (quoting *Mas v Two Bridges Assoc.*, 75 N.Y.2d 680, 690 (1990)); *Amguard Ins. Co. v. Getty Realty Corp.*, 147 F. Supp. 3d 212, 220 (S.D.N.Y. 2015). In a "classic indemnification case," the party seeking common-law indemnification has "committed no wrong," but has been held liable or exposed to liability to the injured party "by virtue of some relationship with the tort-feasor or obligation imposed by law." *Glaser v. M. Fortunoff of Westbury Corp.*, 71 N.Y.2d 643, 646 (1988); *see also D'Ambrosio v. City of New York*, 55 N.Y.2d 454, 461 (1982). "[T]he predicate of common law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee," and for that reason, "common-law indemnity is barred altogether where the party seeking indemnification was itself at fault, and both tortfeasors violated the same duty to the plaintiff." *Firestone v. Berrios*, 42 F. Supp. 3d 403, 421 (E.D.N.Y. 2013) (quoting *Monaghan v. SZS 33 Assocs., L.P.*, 73 F.3d 1276, 1284 (2d Cir. 1996)); *see McCarthy*, 17 N.Y.3d at 375 (explaining that common-law indemnification is typically only available to a party who is held liable solely by operation of law or vicarious liability). Thus, to prevail on their indemnification claim and shift liability to Reeves, the City Defendants would have to show (1) that they were free from wrongdoing; and (2) that the proposed indemnitor, Reeves, "was guilty of some negligence that contributed to the causation of the accident." *See Aktas v. JMC Dev. Co.*, 877 F. Supp. 2d 1, 31 (N.D.N.Y. 2012) (citing *Perri v. Gilbert Johnson Enters., Ltd.*, 14 A.D.3d 681, 684–85 (2d Dep't 2005)).

      Reeves argues that the Third-Party Complaint's "boilerplate allegations" fail to state a plausible indemnity claim. Courts have observed that while "[t]he pleading standards may be

6

'lessened somewhat for third-party claims, which may be read in conjunction with the original pleadings,'" "third-parties seeking indemnification or contribution must still set forth 'enough facts to state a claim to relief that is plausible on its face.'" *Sands Harbor Marina Corp. v. Wells Fargo Ins. Servs. of Oregon, Inc.*, 156 F. Supp. 3d 348, 361 (E.D.N.Y. 2016) (first quoting *Arkwright Mut. Ins. Co. v. Bojoirve, Inc.*, No. 93-cv-3068, 1996 WL 361535, at *2, 1996 U.S. Dist. LEXIS 9013, at *6 (S.D.N.Y. June 27, 1996); and then quoting *Twombly*, 550 U.S. at 570)). In *Blackhawk Development, LLC v. Krusinski Construction Co.*, for example, the court dismissed third-party indemnification claims for failure to specify the duties the third-party defendant allegedly breached. No. 19-cv-5590, 2021 WL 1225917, at *3, 2021 U.S. Dist. LEXIS 62976, at *9–11 (S.D.N.Y. Mar. 31, 2021). There, the plaintiff contracted with defendant Kusinski Construction Co. ("Kusinski") for construction services at the plaintiff's distribution center. *Id.* at *1, 2021 U.S. Dist. LEXIS 62976, at *3. The plaintiff sued Kusinski for breach of contract and negligence after a water pipe leaked and caused property damage at the distribution center. *Id.* at *1–2, 2021 U.S. Dist. LEXIS 62976, at *3–5. Krusinski filed third-party indemnification claims against two third-party defendants who allegedly were involved in "certain construction management and/or oversight and approval of certain work" at the distribution center. *Id.* at *2, 2021 U.S. Dist. LEXIS 62976, at *5–7. The court granted the third-party defendants' motion to dismiss the indemnification claim, explaining "that Krusinski's cursory allegations that it 'delegated exclusive responsibility' for 'one or more duties' to [the third-party defendants], without specifying which duties" were "plainly inadequate" to allege that Krusinski had delegated to the third-party defendants "exclusive responsibility for the duties giving rise to the loss," or that Krusinski "may not be held responsible to any degree." *Id.* at *3, 2021 U.S. Dist. LEXIS 62976, at *10–11 (first quoting *Bd. of Managers of Olive Park Condo. v.*

7

*Maspeth Properties, LLC*, 170 A.D.3d 645, 647 (2d Dep't 2019); and then quoting *Rosado v. Proctor & Schwartz, Inc.*, 66 N.Y.2d 21, 25 (1985)).

Here, the Third-Party Complaint alleges that: (1) the City Defendants delegated to Reeves, a structural engineer, the duty to assess and evaluate 170 and 172 Orange Street, "buildings suspected to present a danger to public safety," (Dkt. No. 46, ¶¶ 13, 23); (2) the City Defendants "relied on" Reeves in his "capacity as a NYS licensed physical engineer and civil engineer to provide . . . an assessment and evaluation of 170 Orange Street and 172 Orange Street," (*id.* ¶ 23); (3) Reeves failed to identify and/or advise [the City Defendants] of the structural interdependence of 170 Orange Street and 172 Orange Street," (*id.* ¶ 59); and (4) Plaintiffs' injuries—the damage to and demolition of 170 Orange Street—"resulted from" Reeves' breach of duty "and not as a result of any . . . negligence or wrongdoing of" the City Defendants, (*id.* ¶ 60). Unlike the allegations in *Blackhawk*, these allegations, while spare, specify the duties with which the City Defendants charged Reeves and the duty he allegedly breached that led to Plaintiffs' damage—namely, the identification of the structural interdependence of 170 and 172 Orange Street. Accepting these allegations as true, it is plausible to infer that Reeves was responsible for identifying and advising the City Defendants of the structural interdependency of 170 and 172 Orange Street; that the City Defendants relied on his advice in proceeding with demolition activities; and therefore that Reeves, and not the City Defendants, was liable for the negligence that led to the damage to Plaintiffs' property. Thus, these allegations provide more than "boilerplate language" and "set forth 'enough facts to state a claim to relief that is plausible on its face.'" *Sands Harbor*, 156 F. Supp. 3d at 361 (quoting *Twombly*, 550 U.S. at 570).

8

Finally, while it is true, as Reeves notes, that "common law indemnity is not available for parties who have participated in the wrongdoing," (Dkt. No. 58-2, at 5), *see Monaghan*, 73 F.3d at 1284 ("New York case law supports a proposition that common-law indemnity is barred altogether where the party seeking indemnification was itself at fault, and both tortfeasors violated the same duty to the plaintiff."), and it is also true that Plaintiffs have alleged the City Defendants themselves participated in the wrongdoing, (Dkt. No. 1, ¶¶ 112–19), given that the City Defendants have pled that they relied on Reeves' allegedly negligent assessment and were free from fault, the City Defendants' alleged wrongdoing does not provide a basis for dismissal. *See Girau v. Europower, Inc.*, No. 10-cv-4320, 2015 WL 4533783, at *5, 2015 U.S. Dist. LEXIS 97530, at *13–14 (S.D.N.Y. July 24, 2015) (finding the third-party plaintiff alleged plausible indemnification claim where it "sufficiently alleged how it 'could be found free from fault and at the same time liable for damages' to Plaintiff," and noting that in the event the third-party plaintiff was "found to be partially at fault, and such fault may not be imputed by law . . . indemnification will not be available," but concluding that "such a determination is not appropriate, or possible, at the motion to dismiss stage of the proceedings"); *see also HSBC Bank U.S.A., N.A. v. Doldo & Neddo, P.C.*, No. 11-cv-54, 2013 WL 12284641, at *3–4 (N.D.N.Y. Feb. 20, 2013) (finding that even in presence of "well-reasoned" arguments concerning the third-party plaintiff's own wrongdoing, where indemnification claim was pled sufficiently, "[d]ismissal of the claim prior to discovery regarding the relationships among the parties and the details of the transaction would . . . be premature"). Accordingly, Reeves' motion to dismiss the common law indemnity claim is denied.

### b.  Contractual Indemnification

Reeves also moves for dismissal of the City Defendants' contractual indemnification claim on the ground that "there is no indication that the City claims the contract between it and

9

Reeves expressly indemnifies it for its own acts." (Dkt. No. 58-2, at 5). The City Defendants oppose dismissal. (Dkt. No. 60-8, at 8–9).

Under New York law, "[t]he right to contractual indemnification depends upon the specific language of the contract" and any "contractual indemnification provision 'must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed.'" *Alfaro v. 65 W. 13th Acquisition, LLC*, 74 A.D.3d 1255, 1255–56 (2d Dep't 2010) (quoting *Hooper Assoc. v AGS Computs.*, 74 N.Y.2d 487, 491 (1989)). Here, the Third-Party Complaint alleges that the contract between Reeves and the City Defendants requires Reeves to indemnify the City Defendants "from and against all claims, actions, causes of action, injuries, damages, losses, liabilities, and expenses," in connection with the "performance of structural engineering services related to 170 Orange Street and 172 Orange Street." (Dkt. No. 46, ¶¶ 51–52). The City Defendants acknowledge that the contract at issue does not require "Reeves to indemnify the City Defendants for their own negligence." (Dkt. No. 60-8, at 8). Indeed, New York courts frown upon such contractual provisions. *See Williams v. J.P. Morgan & Co. Inc.*, 248 F. Supp. 2d 320, 325 (S.D.N.Y. 2003) ("It is well settled that New York law 'frowns upon contracts intended to exculpate a party from the consequences of his own negligence and though, with certain exceptions they are enforceable, such agreements are subject to close judicial scrutiny.'" (quoting *Niagara Frontier Transp. Auth. v. Tri–Delta Constr. Corp.*, 107 A.D.2d 450, 451 (4th Dep't 1985))). However, the contract is not attached, or quoted, in any of the pleadings in this matter.[3] And as "[t]he right to contractual indemnification depends upon the specific language of

---

[3] M. Cristo submitted the contract in opposition to Reeves' motion to dismiss its cross-claims. (Dkt. No. 68-8). Reeves has not objected or responded to this submission. The indemnification provision is contained in Article VII of the contract. (Dkt. No. 68-8, at 4). No party has addressed whether this contract is properly before the Court or whether it is the entirety of the agreement between Reeves and the City Defendants. Accordingly, the Court has not considered it. The Court, however, will grant the City Defendants leave to amend their cross-claim for contractual indemnification to incorporate this contract.

the contract," *Alfaro*, 74 A.D.2d at 1255, the City Defendants have failed to plead a plausible contractual indemnification claim. *See Ilkowitz v. Durand*, No. 17-cv-773, 2018 WL 1595987, at *14, 2018 U.S. Dist. LEXIS 51946, at *39–40 (S.D.N.Y. Mar. 27, 2018) (finding the defendants' contractual indemnification cross-claim, which alleged "that '[a]t the time of the accident alleged . . . a contract was in effect between' them and the other co-Defendants, including Pilla, which requires Pilla to "indemnify and/or hold harmless [the defendants] for all claims, losses, liability and damages for any injury to any person," failed to state "a plausible contractual indemnification claim" in the absence of "facts regarding the specific language of their alleged indemnification agreement . . . or any of the facts or circumstances of the alleged indemnification agreement"). Accordingly, Reeves' motion to dismiss the City Defendants' contractual indemnification claim is granted.

### c. Contribution

Unlike indemnification, contribution generally operates to apportion liability among tort-feasors, regardless of the underlying theory of liability. *McDermott*, 50 N.Y.2d at 216. "Where a party is held liable at least partially because of its own negligence, contribution against other culpable tort-feasors is the only available remedy." *Glaser*, 71 N.Y.2d at 646. "The right to contribution and apportionment of liability among alleged multiple wrongdoers arises when they each owe a duty to plaintiff or to each other and by breaching their respective duties they contribute to plaintiff's ultimate injuries. This is so regardless of whether the parties are joint tort-feasors, or whether they are liable under different theories, so long as their wrongdoing contributes to the damage or injury involved." *Trustees of Columbia Univ. v. Mitchell/Giurgola Assocs.*, 109 A.D.2d 449, 454 (1st Dep't 1985) (citing *Garrett v. Holiday Inns, Inc.*, 58 N.Y.2d 253 (1983), *Schauer v. Joyce*, 54 N.Y.2d 1 (1981)). Thus, to prevail on their contribution claim against Reeves, the City Defendants would have to show that he owed a duty to Plaintiffs or to

11

them, and by breaching that duty he contributed to Plaintiffs' injuries. *Trustees of Columbia Univ.*, 109 A.D.2d at 454.

Reeves' contention that the contribution claim fails because it is supported only by "boilerplate" allegations is without merit. As discussed, the Third-Party Complaint alleges that: (1) Reeves owed the City Defendants a duty to evaluate 170 and 172 Orange Street and advise them of any structural interdependency; and (2) Reeves breached that duty, contributing to the damages Plaintiffs allegedly suffered to their property, 170 Orange Street, during the demolition of 172 Orange Street. These allegations sufficiently identify the duty Reeves allegedly owed to the City Defendants, the breach of which led to the damage to Plaintiffs' residence, and preclude dismissal at this stage. *Girau*, 2015 WL 4533783, at *6, 2015 U.S. Dist. LEXIS 97530, at *15–16 (finding the third-party plaintiff alleged plausible contribution claim where it alleged that "the defective hydraulic hose assembly 'designed, manufactured and assembled' by the [third-party defendants] 'was a substantial factor in causing Plaintiff's alleged injuries'" and "how the purported defect contributed to Plaintiff's alleged injuries").

Reeves also argues for dismissal on the ground that "contribution is not available in breach of contract claims." (Dkt. No. 58-2, at 9). This is true when the underlying liability—the claim the plaintiff asserts against the defendant—is solely based on breach of contract. *Board of Educ. v. Sargent, Webster, Crenshaw & Folley*, 71 N.Y.2d 21, 28 (1987); *see, e.g., Magnacoustics, Inc. v. Integrated Comput. Sols., Inc.*, No. 17-cv-4967, 2020 WL 4041310, at *8, 2020 U.S. Dist. LEXIS 126414, at *23 (E.D.N.Y. July 17, 2020) (dismissing contribution claim against third-party defendant where claim was "based on [the third-party plaintiff's] liability for contractual claims alleged against it," and explaining that "contribution is a claim that is only available where the underlying liability is based in tort" (citing N.Y. C.P.L.R. 1401)). Here,

Plaintiffs' underlying Complaint asserts a negligence claim against the City Defendants, not a breach of contract claim. (Dkt. No. 1, ¶¶ 112–19). As the underlying liability is based in tort, Reeves' argument is unavailing. *See Wing Wong Realty Corp. v. Flintlock Const. Servs., LLC*, 95 A.D.3d 709, 709 (1st Dep't 2012) ("The claim for contribution was properly asserted, since the property damage claim was not merely cast in breach of contract, but was based on theories of negligence and statutory liability."). Accordingly, Reeves' motion to dismiss the contribution claim is denied.

### B. Motion for Severance

Reeves moves under Rule 21 for severance of the City Defendants' indemnification and contribution claims "so they can be litigated later only in the event that the City is found liable in the underlying action." (Dkt. No. 58-2, at 6). The City Defendants respond that "severance would be inappropriate" because "the facts of Plaintiffs' complaint and the Third-party Complaint are identical and arise out of the same occurrence." (Dkt. No. 60-8, at 11). The Court agrees that severance would be inappropriate in this case.

#### 1. Legal Standard

Rule 21 instructs, in relevant part, that: "On motion or on its own, the court may at any time, on just terms . . . sever any claim against a party." Fed. R. Civ. P. 21. "[S]evered claims become entirely independent actions to be tried, and judgment entered thereon, independent." *Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498, 502 (S.D.N.Y. 2013) (quoting *Cestone v. General Cigar Holdings, Inc.*, No. 00-cv-3686, 2002 WL 424654, at *2, 2002 U.S. Dist. LEXIS 4504, at *6 (S.D.N.Y. Mar. 18, 2002)). Courts in the Second Circuit have "considered the following factors in determining if severance is appropriate:"

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial

13

> economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*Oram*, 979 F. Supp. 2d at 502–03 (citing *Cestone*, 2002 WL 424654, at *2, 2002 U.S. Dist. LEXIS 4504, at *6). Only one of these factors need be present, but because courts "have generally granted severance only after finding more than one of the conditions was met," the Court considers all five factors. *N. Jersey Media Grp. Inc. v. Fox News Network, LLC*, 312 F.R.D. 111, 114 (S.D.N.Y. 2015) (citing *Cestone*, 2002 WL 424654, at *2–3, 2002 U.S. Dist. LEXIS 4504, at *6–10); *Ricciuti v. New York City Tr. Auth.*, 796 F. Supp. 84, 86 (S.D.N.Y. 1992)). In doing so, the Court is mindful that "[t]he Federal Rules are to be interpreted 'toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged.'" *Jem Accessories, Inc. v. Jvckenwood Corp.*, No. 11:20-cv-4984, 2021 WL 706646, at *4, 2021 U.S. Dist. LEXIS 33687, at *11–12 (S.D.N.Y. Feb. 22, 2021) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).

As the moving party, Reeves "bears the burden of demonstrating that 'severance is required to avoid prejudice or confusion and to promote the ends of justice.'" *N. Jersey Media*, 312 F.R.D. at 114 (quoting *Agnesini v. Doctor's Assoc., Inc.*, 275 F.R.D. 456, 458 (S.D.N.Y. 2011)). "[D]istrict courts have broad discretion to sever any party or claim from an action." *Id.*

### 2. Analysis

#### a. Same Transaction or Occurrence

Reeves argues that the claims "arise from a series of different transactions and occurrences" because Plaintiffs' claims against the City Defendants involve a relationship between property owners and municipality, "while the City's claims against Reeves arise out of a

contractor-municipality relationship." (Dkt. No. 58-2, at 8). Courts in the Second Circuit "repeatedly have interpreted the phrase 'same transaction' to encompass 'all logically related claims.'" *Agnesini*, 275 F.R.D. at 459 (quoting *Barnhart v. Town of Parma*, 252 F.R.D. 156, 160 (W.D.N.Y. 2008)). Here, the City Defendants' claims arise largely from the same occurrence—the demolition of 172 Orange Street, which allegedly damaged 170 Orange Street as a result of the City Defendants, Reeves, and M. Cristo's negligence in planning for and conducting the demolition without accounting for the buildings' shared wall—and implicate common issues of fact. *See Colonomos v. Ritz-Carlton Hotel Co., LLC*, No. 98-cv-2633, 2002 WL 732113, at *6, 2002 U.S. Dist. LEXIS 7315, at *19–20 (S.D.N.Y. Apr. 25, 2002) (denying severance, observing that the plaintiff's negligence claim against the hotel and the hotel's third-party claim against its cleaning and maintenance company centered on the plaintiff's trip and fall over a rug in hotel elevator, and that even though the third-party action involved claims arising from a maintenance agreement, the claims involved "almost the same set of facts and [were] based on at least one similar theory of relief").

          **b.**        **Witnesses, Documentary Proof, and Common Questions of Law and Fact**

Reeves' motion for severance does not address the breach of contract or professional malpractice claims, and even though such claims may involve different proof and documentary evidence, much of the relevant evidence will concern the structure of the buildings at 170 and 172 Orange Street, what evaluations were completed, who knew about the shared wall, when they knew about it, and the damage to 170 Orange Street. *See Colonomos*, 2002 WL 732113, at *6, 2002 U.S. Dist. LEXIS 7315, at *20–21 (denying motion for severance of third-party indemnification and contribution action in negligence case, observing that while there might "be some difference in the testimony relevant to both actions—in the main action, there will be

15

additional testimony about Plaintiffs' injuries while in the third-party action there will be additional testimony and documentary evidence regarding the contract provisions—. . . much of the relevant testimony will revolve around the rug in the Hotel elevator" that led to the alleged injuries).

### c. Judicial Economy

Reeves argues that, because Plaintiffs' claims against him have been dismissed, "judicial economy will be served as severance would save him from participating in the underlying action merely based on speculative claims of contribution and indemnification." (Dkt. No. 58-2, at 8). The Court disagrees. Plaintiffs expressly allege in their Complaint that Reeves' conduct led to the damage to 170 Orange Street. (*See, e.g.*, Dkt. No. 1, ¶¶ 4, 28, 33, 36, 44, 49). Thus, because Reeves' actions will be litigated in this action whether or not the third-party claims are severed, severance may lead to duplicative litigation, tolling court resources unnecessarily. Indeed, judicial economy is no doubt served in keeping the claims and discovery concerning all involved parties—the City Defendants, Reeves, and Plaintiffs—in a single action and on a single discovery schedule.

### d. Prejudice

Reeves has identified no prejudice in proceeding as a single action.

Thus, having considered all relevant factors, the Court declines to sever the City Defendants' Third-Party claims against Reeves from this action. Accordingly, Reeves' motion for severance is denied.

## V. M. CRISTO'S CROSS-CLAIMS AND PROPOSED SECOND THIRD-PARTY ACTION

Reeves moves for dismissal of M. Cristo's indemnification and contribution cross-claims on the ground that M. Cristo filed the Second Amended Answer and cross-claims after Reeves

16

was dismissed as a Defendant in this case. (Dkt. No. 66-2, at 5). M. Cristo opposes dismissal of the cross-claims and cross-moves to file a Second Third-Party Complaint under Rule 14(a)(1). (Dkt. No. 68). In his reply, Reeves "denies M. Cristo's characterization regarding the viability of any claims against him for indemnification and contribution," but "takes no position regarding" M. Cristo's motion to file a third-party complaint. (Dkt. No. 70, at 4). The Court grants both Reeves' motion to dismiss M. Cristo's cross-claims and M. Cristo's cross-motion to file a Second Third-Party Complaint.

### A. Motion to Dismiss Cross-Claims

On July 9, 2020, the Court dismissed Reeves as a Defendant in this matter, finding that the Complaint failed to allege he was a state actor as required to state a plausible § 1983 claim. *See Graham-Johnson*, 471 F. Supp. 3d at 518–20. In the same Order, the Court granted M. Cristo's motion to file a second amended answer. *Id.* at 523. On July 14, 2020, M. Cristo filed a Second Amended Answer with cross-claims against Reeves for indemnification and contribution. (Dkt. No. 42). Rule 13 provides that "[a] pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or . . . relates to any property that is the subject matter of the original action." Fed. R. Civ. P. 13(g). Thus, "[a] cross-claim may be asserted only between co-parties." *Wake v. United States*, 89 F.3d 53, 62 (2d Cir. 1996). Because Reeves had been dismissed as a defendant in this action at the time M. Cristo filed the cross-claims against him, the cross-claims are, in essence, nullities and are dismissed. *Id.* at 62–63 ("Since all claims against the federal defendants had been dismissed at the time Norwich filed its motion, they were no longer parties and Norwich therefore could not assert a cross-claim against them.").

17

B.      **Cross-Motion to File Second Third-Party Complaint**

1.      **Legal Standard**

Under Rule 14(a)(1), "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). As more than a year has elapsed since M. Cristo served its original answer, it must "obtain the court's leave" to file a third-party complaint. *Id.*

"Rule 14(a) was designed 'to promote judicial economy by eliminating the need for a defendant to bring a separate action against a third-party who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's claim.'" *iBasis Glob., Inc. v. Diamond Phone Card, Inc.*, 278 F.R.D. 70, 74 (E.D.N.Y. 2011) (quoting *Hines v. Citibank, N.A.*, No. 96-cv-2565, 1999 WL 440616, at *2, 1999 U.S. Dist. LEXIS 9671, at *5 (S.D.N.Y. June 28, 1999)). The "traditional grounds for a third-party action are indemnification, contribution, or subrogation." *iBasis Global*, 278 F.R.D. at 74 (citing *Int'l Paving Sys. Inc. v. Van-Tulco, Inc.*, 866 F. Supp. 682, 687 (E.D.N.Y. 1994)). "Timely motions for leave to implead non-parties should be freely granted to promote [judicial] efficiency unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." *Fashion-In-Prints, Inc. v. Salon, Marrow & Dyckman, L.L.P.*, No. 97-cv-340, 1999 WL 500149, *6, 1999 U.S. Dist. LEXIS 10617, at *15 (S.D.N.Y. July 15, 1999) (emphasis omitted) (quoting *Shafarman v. Ryder Truck Rental, Inc.*, 100 F.R.D. 454, 459 (S.D.N.Y. 1984)). Courts have examined the following factors in determining whether to grant leave to file a third-party complaint: "(a) whether the moving party deliberately delayed or was derelict in filing the motion; (b) whether impleading would unduly delay or complicate the trial; (c) whether impleading would prejudice the plaintiff or the third-party defendant; and (d) whether the proposed third-party complaint states a claim upon which relief can be granted." *iBasis Global*,

278 F.R.D. at 74 (quoting *Capitol Records, Inc. v. City Hall Records, Inc.*, No. 07-cv-6488, 2008 WL 2811481, at *3, 2008 U.S. Dist. LEXIS 55300, at *7 (S.D.N.Y. July 18, 2008)).

### 2. Analysis

M. Cristo has pursued indemnification and contribution claims diligently against Reeves since the early stages of this case. It filed cross-claims against Reeves on November 11, 2019, (Dkt. No. 7), less than one month after Plaintiffs filed their Complaint, (Dkt. No. 1 (filed October 16, 2019)), and has continued to assert them while navigating this case's procedural developments, including the dismissal of the Complaint's claims against Reeves, (Dkt. No. 10 (Amended Answer with cross-claims against Reeves, filed November 18, 2019); Dkt. No. 38 (Order dismissing Reeves as a Defendant, filed July 9, 2020); Dkt. No. 42 (Second Amended Answer with cross-claims against Reeves, filed July 14, 2020)). As Reeves has been a part of this case since commencement, and discovery is ongoing and incomplete, (Dkt. No. 55 (discovery deadline July 2, 2021)), there is no danger of delay, complicating the trial, or prejudice to any party, including Reeves or Plaintiffs—indeed, none is asserted. Finally, and Reeves does not contend otherwise, M. Cristo's proposed Second Third-Party Complaint adequately alleges claims of indemnification and contribution. For these reasons, and for the reasons the Court articulated above in connection in allowing the City Defendants' indemnification and contribution claims to proceed against Reeves, the Court therefore concludes that allowing M. Cristo to file the Second Third-Party Complaint will promote judicial economy and eliminate the need for separate actions. Accordingly, M. Cristo's cross-motion to file the proposed Second Third-Party Complaint is granted.

VI.     **CONCLUSION**

For these reasons, it is hereby

**ORDERED** that Reeves' motion to dismiss (Dkt. No. 58) the City Defendants' third-party claims is **GRANTED** as to the contractual indemnification claim; and it is further

**ORDERED** that the City Defendants' third-party contractual indemnification claim is **DISMISSED without prejudice** to amendment by May 10, 2021; and it is further

**ORDERED** that Reeves' motion to dismiss (Dkt. No. 58) the City Defendants' third-party claims is otherwise **DENIED in its entirety**; and it is further

**ORDERED** that Reeves' motion to sever (Dkt. No. 58) the City Defendants' third-party claims is **DENIED**; and it is further

**ORDERED** that Reeves' motion to dismiss (Dkt. No. 66) M. Cristo's cross-claims is **GRANTED**; and it is further

**ORDERED** that M. Cristo's cross-motion (Dkt. No. 68), to file a Second Third-Party Complaint against Reeves is **GRANTED**; and it is further

**ORDERED** that M. Cristo is directed to file a signed copy of the Second Third-Party Complaint by May 10, 2021; and it is further

**ORDERED** that if any party seeks to file a further dismissal motion, that party shall first file a letter, not to exceed three pages, outlining the grounds on which it intends to seek dismissal; any other party shall have one week to file a letter, not to exceed three pages, in response; and the Court will decide whether to hold a pre-motion conference.

   **IT IS SO ORDERED.**

Dated:  April 26, 2021
        Syracuse, New York

                                                    Brenda K. Sannes
                                                    U.S. District Judge